UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Elijah G. Jones, ) | |
| ) | C/A No.: 6:10-cv-70268-HFF |
| Petitioner, ) | Cr. No.: 6:07-cr-00704-GRA |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on Elijah G. Jones's ("Jones") *pro se* motion to reconsider, which the court construes as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the court's July 15, 2011 order ("July Order") dismissing Jones's motion pursuant to 28 U.S.C. § 2255.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary

remedy which should be used sparingly." *Id.* (internal citation and quotation marks omitted).

In his motion, Jones reasserts the allegations made in his original motion pursuant to § 2255 and presents no new facts, evidence, or case law that alter the court's original finding that his § 2255 motion is time barred.

**IT IS THEREFORE ORDERED** that Jones's motion to alter or amend judgment, ECF No. 82, is denied.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 28, 2011
Anderson, South Carolina